(16 Misc. Rep. 304.)

## In re McDONALD et al.

(Supreme Court, Special Term, Albany County. March, 1896.)

MANDAMUS—PEREMPTORY WRIT—DISPUTED FACTS.

Where relator, in an application for a peremptory writ of mandamus to compel the inspection and sealing of gas meters, alleges that respondent declined to inspect and seal the meters, on the ground that no seals had been furnished to him, and respondent denies that he ever declined to inspect the meters, and states that he has applied for the seals, and also alleges that he has inspected 334 meters for relator, and that he is inspecting the others as fast as possible, relator's right to the peremptory writ does not depend "only on questions of law" (Code Civ. Proc. § 2070), but an issue is raised with reference to material facts, and therefore a peremptory writ cannot be granted.

Application by D. McDonald & Co. for a writ of mandamus to compel John Pauley, state deputy inspector of gas meters for the city of Albany, to inspect a quantity of gas meters manufactured by them, and, if found correct, to seal and mark them, as required by law. Denied.

Mills & Bridge, for relators.

Thompson & Andrews, for defendant.

CHESTER, J. The relators have made this motion for a peremptory writ of mandamus requiring the defendant, John Pauley, who is the state deputy inspector of gas meters for the city of Albany, to inspect a quantity of gas meters manufactured by them, and, if found correct, to seal, stamp, and mark them, as required by law. The relators allege that they notified the defendant that they should require him to inspect and seal the meters in question, and that he called at their place of business, and declined to do so,—assigning, as reasons, that he had no seals with which to seal or mark them as required by law; that there was no provision in the law for providing him with seals; and that he could not afford to furnish them himself. The relators also claim that the defendant has made no effort to procure such seals, and that, by reason of his failure to make the inspection required by law, their business will be blocked, and they will be greatly injured financially. An affidavit is presented, on behalf of the defendant, in which he denies that he ever declined to inspect the meters of the relators, and denies that he has not made an effort to procure seals. On the contrary, he alleges that he has applied to his superior officer for them, and has received his promise to furnish them, and he also alleges that he has inspected 334 meters for the relators since the 6th day of March, and claims that he is inspecting them as fast as possible, consistent with the proper discharge of his duty.

The statute provides for the appointment of an inspector of gas meters, whose duty it shall be, when required, to inspect, examine, prove, and ascertain the accuracy of gas meters, and, when found to be, or made, correct, to seal, stamp, or mark all such meters, and each of them, with some suitable device, which shall be recorded in the office of the secretary of state. Transportation Corporations Law (Laws 1890, c. 566) § 62. Under the law, deputy inspectors are provided for. The defendant, as the deputy residing at Albany, is authorized and required to discharge the same duties at his place of residence as is required of the inspector. Id. § 63. The relators have the right, under this law, to require the defendant to inspect their meters, and, when inspected, and found, or made, correct, to seal, stamp, or mark them, as required by law; and they also have the right, in case of his refusal, to a mandamus to compel him to perform the duty imposed upon him by law. People v. Daley, 37 Hun, 461.

But it appears here, as above indicated, that the defendant, by his affidavit, raises an issue with reference to material facts alleged by the relators. It is where the applicant's right to the mandamus depends only upon questions of law that a peremptory writ should issue. Code Civ. Proc. § 2070. Where the facts relied on by the relator are denied, as they are here, a peremptory writ ought not to issue. People v. St. Louis & S. F. R. Co., 47 Hun, 543; People v. Rome, W. & O. R. Co., 103 N. Y. 95, 8 N. E. 369. As the

failure in this case to inspect the meters promptly, when required by the relators, appears to have been caused, in part, at least, by the delay in procuring seals, and as I think the law clearly imposes the duty upon the defendant to seal or otherwise stamp or mark meters which he finds correct upon inspection, no costs should be allowed upon the denial of relators' motion.

Motion denied, without costs.